Our first case for argument today is 2018-1567 Williams v. OOC. Mr. Lee, please proceed. Good morning. May it please the court, on behalf of the appellant, Ms. Williams, and as de facto counsel for the United States Congress and de facto counsel for the Constitution, the appellant asserts that 99 years after the decision in Plessy v. Ferguson, Congress enacted this Congressional Accountability Act. In the blue brief at page 9, you say that Ms. Williams received defamatory comments in her 2012 end-of-year performance evaluation. What were the comments, and where is the record cite to them, please? If Your Honor pleases, I don't believe I listed the comments or otherwise, but if I might say to Your Honor that the issue is not whether or not her comments were derogative or negative at this point. The issue is whether or not, is how the statute 1311 Are you not going to answer my question? I can't answer your question. So there were no defamatory comments? There were, in her eyes, they were defamatory comments. I do not have You know what defamation is in the law. I'm sorry? You know what defamation is in the law. I also know that she felt that the comments in her performance evaluations were defamatory in the first case, as in the other cases, and that the issue is not whether they were defamatory necessarily, but whether they were based on Okay, okay, fine. You say the issue is not whether they were defamatory, right? But you list as an issue the defamatory comments published in Complainant's 2012 end-of-year performance evaluation. That is to say, you have it under H, unlawful creation of a hostile work environment based on her participation in federally protected activities based on her prior prosecution of Williams 1. I mean, you just want to say anything? Your Honor, please, the matter was settled. I think the fact that the matter was settled in the first case goes to the fact that comments were considered to be defamatory, or if not defamatory, one way or the other, and that even though there was no attribution of fault given to the architect of the capital, the office of the architect, it didn't make a difference. They accepted that. They accepted it was defamatory? They accepted the fact that it was discriminatory based on Show me that in the record, please. I'm sorry? Show me in the record. I would ask the court to look at the settlement agreement, which is based in the appendix. I've got it. I've got the appendix. And it's in there, even though they do not accept the fact that  I would cite page 1397 and 13. I would say 1397, where both the office of the architect and the complainant in the case were required to attend management concepts, a class dealing with resolving conflicts. And that, as a matter of structure, would say that there was something wrong in terms of what she had alleged in her original complaint. OK. If that's what you have, if that's your answer, that's your answer. If Your Honor, please, I would state that the issue in this matter is not necessarily what's on the papers in front of you, but the interpretation of 1311, 1311A, and 1311A1. Does the CAA explicitly reference Title VII? It references Title VII only with regard to a categorical application of the Race-Sex, Your Honor, please let me get the exact language, within the meaning of Section 703 of the Civil Rights Act of 1964-42-2008-2, which deals with race, sex, religion, gender, by virtue of Price-Waterhouse v. Hopkins. Do other courts consistently apply Title VII case law to CAA analysis? Yes, they do consistently apply that. However, they consistently apply inaccurately the fact that in that statutory language, it means the subject matter jurisdiction and the sufficiency of the evidence, meaning it has to be a tangible, material, adverse action. Did you cite this court to any case in which a court has held that Title VII should not apply to CAA? No, I have not been able to. What I can cite to the court is Turner v. the U.S. Capitol Police, where they use the word convergence without going parsing 1311 or otherwise, and just saying the language in 1311A1 is equal to and converges with the language in Title VII. You say in your blue brief, and this is where you're going, I think, that the Board is guilty of unfaithful execution of the laws because it applied Title VII case law to the CAA. That is correct. Okay. But given that Title VII is explicitly referenced in the CAA, and other courts consistently apply it, as you conceded, how is the Board's reliance on Title VII authority unfaithful execution of the laws? If Your Honor, please, it's unfaithful because that's not how the statute reads simply because it talks about a categorical application of the immutable characteristics that are involved in Title VII. It does not mean with all the other parameters that exist in Title VII. When it talks about 42-2008-2, it doesn't talk about, it's a totally, it's a new act. It deals with new people. It's a new environment. It's the Congress of the United States who wanted this. They could have said within all capacity of what Title VII did. They could have made it a categorical application. They did not do that. Mr. Lee, but what concrete standard do you think does not come from Title VII that the Board should have applied? What's the concrete difference between Title VII standards and the standard that you have applied here? I would say de minimis versus the tangible material actions required by Title VII. I would say de minimis in terms of what might be responded to in terms of the Federal Labor Relations Act, which is also made applicable to the Congress of the United States. Can I ask on the, so in the Title VII world under Supreme Court cases, Harris Forklift and the other ones involving that sort of thing, was that all by way of interpretation of the provision referenced here of 703? I believe it would if de minimis actions are entitled to be brought by a complainant and not simply thrown out on a motion to dismiss. So what is the affirmative reason to think that this statute, despite merely referring to 703 and not saying in any way we are departing from it, that nevertheless it should be interpreted to depart from it? I would say it's because the CAA is an integrated statute, and since there's only one uniform retaliatory statute for everything that's brought under the CAA, which includes all the cases that I brought in the section dealing with Federal Labor Relations Act cases and LRB cases. And since they use the word discrimination in 1317a, just as they do in 1311, I would say that they have to go along with a broader jurisdictional level. But elsewhere in the CAA, there's both incorporation of other regimes like the FLRA and whatnot, and then some departures so that one would think that Congress, where it wanted to depart from the otherwise incorporated statutes, it said how it wanted to depart, but here there are no such departures. I would also state that in the other, as opposed to incorporated in other statutes that were made applicable, as made applicable by the Act, they gave them authority to produce substantive regulations. And I say this was denied them in terms of Title VII, the ADA, the ADEA, the ADA, and the Rehab Act, which is all part of 1311. I would say that had they wanted to make it more narrow, they would have said that. They would have put in a categorical application of 1311. But they did not want to do that. I would also state to the Court that this is even reinforced by the latest resolution of the House dealing with discrimination that's occurred because of the anti-Semitic or alleged anti-Semitic comments made. There's no such thing that in the latest resolution of the House that something has to be necessarily a one-time deal or a ten-time anti-Semitic comment or otherwise comment to bring an action in the House of Representatives for purposes of censure or for purposes of reprimand. So I say this is consistent with how the House and the Senate looked at the CAA when they incorporated. You've got to remember, Your Honors, that nothing had existed for 200 years in the Congress of the United States, that there was not one of these acts. And they had the authority as an enacting legislature who could generate new law to generate it as they wanted to. The government argues that Ms. Williams didn't raise any of these arguments before the Board therefore they're waived for purposes of appeal, namely whether or not Title VII precedent should apply to the CAA. Do you have a response to whether that was waived? I raised the arguments in all the writings that were submitted on the motion to dismiss. I believe the arguments have been listed in the appendices to the case that's here. I raised it by reference in the briefs. The same arguments are made throughout the case. Below before the Board? Below in the hearing officer and brought forward to the Board. Would you give us a cite for that? No, I cannot do that. I apologize, Your Honor. I have not looked for that, but I have not done that. But they raised it in the red briefs. They say Williams argues the Board erred in applying to Title VII. I believe I responded to it. Sir, I'm talking. I apologize, Your Honor. Williams argues that the Board erred in applying Title VII precedent to evaluate her discrimination retaliation claims. First, Williams did not raise this argument with respect to her discrimination claims before the Board, therefore it has been waived and the Court should not consider it. Did you remember responding to that argument? I would suggest page 13 of Respondent's Brief. The gray brief? Yes, the gray brief. I apologize, Your Honor. I would suggest the entire gray brief deals with that, Your Honor. Well, it's lovely that the gray brief deals with it, but the government's argument was that you didn't make this argument before the Board. So what in the gray brief points me to a place where you made this argument before the Board? Why don't you, we're into your rebuttal time, why don't you take a minute and see if you can find a place where you can cite it to me when you come back up on rebuttal instead of wasting your time now. Let's hear from the government. Ms. Jenkins? Good morning, Your Honors. May it please the Court. My name is Simone Jenkins, and I'm here representing the Office of Compliance in this matter, the  Ms. Jenkins, in the red brief at 23, the government argues that Ms. Williams failed to establish her hostile work environment claims because she never alleged that her supervisors made derogatory comments about women or African-Americans or engaged in actions targeted towards women or African-Americans. What about more subtle forms of bias? Are they recognized as grounds for establishing a hostile work environment claim? No, Your Honor. The incidents that Ms. Williams cited in her brief and in her complaint ultimately did not satisfy. No, no. I asked you, what about generally, what about more subtle forms of bias? What about implicit bias? Ms. Williams did not raise any issues or argue that there were implicit forms of discrimination. That's not what I asked you. My question was, are they recognized as grounds for establishing a hostile work environment claim? Implicit bias, more subtle forms of bias. If there were enough severity and pervasiveness of issues, then yes, they could constitute Did the board consider the possibility of non-explicit forms of bias here? The board considered all of the facts that Ms. Williams alleged and it ultimately concluded that the incidents that she cited to were, did not rise to the level of severity nor were they pervasive. If the discrimination is implicit or more subtle, isn't it a high bar to put the burden on the petitioner to prove that actions were taken due to bias? It seems to me that's a significant flaw in the system. Your Honor, it's the petitioner's burden to demonstrate her claim and ultimately she failed to prove that she was subjected to any adverse action that would rise to the level of what is necessary to prove a hostile work environment claim. Out of curiosity, does Ms. Williams have any female supervisors in her supervisory chain of command? Your Honor, I believe that there at one point was a higher up in her chain of command, there was a female supervisor. Can you point me to the record on that? Yes, Your Honor. Give me one second. Thank you. At one point, Ms. Anna Franz was the head of... Where are we in the record? We are at APBX 2006-0027. That's the head of planning and project management. Yes, that was in her chain of command as well as Christine Murden who was the AOC chief operating officer. Okay. Thank you. You've satisfied my curiosity. Okay. Can I ask you a question about I think where we ended with Mr. Lee? Can you look at 1680, 1682 or so of the appendix? I'm not quite sure I understand what's going on at those pages, but I wonder if that was a kind of argument. This is, I think, to the board on seeking review of the hearing officer that the CAA is not necessarily limited to Title VII. Yes, I can address Ms. Williams' Title VII claim. Is that what you're asking? Yeah. Just to help understand what he argued below, what the specifics of the argument is for how he thinks the CAA provides a more pro-plaintiff standard than Title VII might. Right. So, as we understand Ms. Williams' argument concerning Title VII, she argues that the language that is included in Section 201A of the CAA refers to... What's the U.S. Code citation? Yes. It's really hard to translate back and forth all the time. I apologize. 13, excuse me, 1311, subsection A. Okay. Yeah. So, the government understands Ms. Williams' argument to be that the phrase all personnel actions included in subsection A, and I'll read it completely. It says, all personnel actions affecting covered employees shall be made free from any discrimination based on... And then the subpart one lists the... Race and sex are the two that were at issue here. Right. So, we understand Ms. Williams to be arguing that that phrase, all personnel actions, is unique to the CAA. However, this phrase actually comes from Title VII itself in subsection 2000E16, which is the section... That's the federal government section. Yes, which is the section that applies to most of the federal government. So, the argument that this is a unique phrasing and that it somehow lends itself to a more expansive reading of what is considered actionable conduct under Title VII is misplaced because the actual phrasing comes from Title VII itself. And as... And has 716, that section in Title VII, been held one way or the other to encompass more by way of hostile work environment than the basic private... No, the government is not aware of any cases that hold that 2016, 2000E16 encompasses more information, more types of conduct than, as Ms. Williams suggests. E2. Yes. And is it your understanding that at least this theme was presented to the board at one place or another? No. As we mentioned in our brief, it's our understanding that this argument was not raised with respect to Ms. Williams' discrimination claims. However, to the extent that it was raised with respect to her retaliation claims, the flaw that the government has highlighted in our briefs is that Ms. Williams failed to explain what would have... How she would have fared any differently under a more lenient type of standard. They... She does not make any connection to how a more expansive standard should be used to analyze the specific facts of this case. And ultimately... But isn't it something, at least at a thematic level, like there was a handful, maybe more than a handful of troublesome incidents, troublesome treatment. And part of what the hearing officer and then the board concluded was that none of them either... Even putting aside those that the hearing officer just decided were not credible, that even the remaining ones didn't add up to enough to create an overall hostile work environment which the ordinary Title VII standards require. So that if she was right in her legal contention, at least here, that this statute is broader, maybe this doesn't add up to enough would be not the right lens. Well, yes, Your Honor. We... As I understand you to be saying that the board concluded that even under a more expensive standard, there simply was nothing in the record that demonstrated she could prove her claim. And even outside of the... So that even if... At most, this CAA section requires a personnel action and a personnel action, I guess you're saying is still all of the troublesome incidents don't amount to personnel actions. Yes, Your Honor. No denial of bonuses, no specified non-promotions, no specified lack of particular training, et cetera. Yes, that's correct. And with respect to the issue that Judge Wallach raised earlier concerning the performance reviews, Ms. Williams alleged that there were certain comments included in her performance review that she was courteous, yet occasionally abrasive. On those performance reviews, she still received the highest overall performance rating on every performance review where those comments were included. So she ultimately suffered... There was no harm that was resulted from the inclusion of those comments. And the hearing officer also made a fact determination that the comments were accurate. Additionally, she received all bonuses that she was due. She was never denied a promotion. She was never denied any training opportunities. The record actually shows that she was... The AOC never denied any training opportunities that she requested. Do you have anything further? No, Your Honor. Okay. And thank you, Ms. Jenkins. Let's hear from Mr. Lieb. He has a little bit of a rattle time left. I apologize to the court. I was concentrating on searching the documents as opposed to listening to my opposing counsel. So I apologize to the court. I can't necessarily answer any questions that might have been raised by her argument. But I would point to pages 1404 of the appendix through the end of the appendix before the corrected certified list. The pages are, at one point or another, cited in the document. They are... Give us examples, okay? I'm sorry, sir? Give us some examples. On page 1661, it's a consolidated memo of law and points and authorities in support of petitioners' respective petitions for review. And within that document, it's argued from pages 1680 through 1691, the arguments that are made in this brief, essentially. I would say in the next document, which is Petitioner's Consolidated Response to Respondents' Opposition to Petitioners' Petitions for Review, which runs from 1633 to the end of the document on 1749. And within that document, 17 pages, 1732, it appears. And my objection to the board's questioning in terms of the capacity of 1311 and 1317. I apologize to the court. I can't find where I cited them in either the blue brief or the gray brief. No, but you've shown them to us now, so thank you. And I would submit on the briefs. Okay, thank you. Thank you. Thank both counsel for the arguments. The case is taken under submission. Thank you.